UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TALEFF,<br><br>                          Plaintiff,<br><br>v.<br><br>MARCIA LYNN SATTGAST TALEFF; REDONDO BEACH UNIFIED SCHOOL DISTRICT,<br><br>                        Defendants. | Case No.: 19cv2066-JAH (LL)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

## INTRODUCTION

On October 28, 2019, Plaintiff Tony Taleff ("Plaintiff"), proceeding *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. Nos. 1, 2. After a careful review of the pleadings and for the reasons set forth below, the Court (1) DENIES Plaintiff's motion for leave to proceed IFP [Doc. No. 2]; and (2) *Sua sponte* DISMISSES Plaintiff's complaint [Doc. No. 1], without prejudice.

## DISCUSSION

I.  **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of

1

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of his IFP motion, Plaintiff submitted an application to proceed in this Court without paying fees or costs. *See* Doc. No. 2. The application states Plaintiff is unemployed and does not receive an income from any source. *Id.* at 1-2. Plaintiff reports $2,300.00 in assets and $140.00 in his bank account. Furthermore, Plaintiff lists an average monthly expense of $2,470.00, however, Plaintiff fails to explain how he is able to cover his monthly expenses without an income source. *Id.* at 4-5. Based upon the information presented by Plaintiff, the Court is unable to determine whether or not Plaintiff can afford the required filing fee to pursue the instant action.

**II.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

   **A. Standard of Review**

Even if Plaintiff paid the filing fee or had sufficiently demonstrated his indigence, his complaint would still be dismissed. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). Here, even assuming that Plaintiff were entitled to proceed IFP, his complaint is subject to dismissal because Plaintiff fails to state a claim upon which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

**B. Analysis**

Upon review of the complaint, the Court struggles to comprehend Plaintiff's plausible allegations. A complaint is facially plausible when the facts alleged allow "the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Here, Plaintiff's complaint alleges two causes of action: 42 U.S.C § 1985(3) and 42 U.S.C § 1983.

Section 1985(3), prohibits conspiracies to interfere with an individual's civil rights. To state a cause of action, plaintiff must allege: (1) a conspiracy; (2) to deprive any person or class of persons of the equal protection of the laws; (3) an act done by one of the conspirators in furtherance of the conspiracy; and (4) a personal injury, property damage, or deprivation of any right or privilege of a citizen of the United States. *Gillispie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980). The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim-Panahi,* 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim. *Id.* Here, Plaintiff fails to state a cause of action or claim for relief under Section 1985. Plaintiff's complaint lists a series of unfortunate events and, as a result, concludes that Defendants have therefore conspired. The alleged facts merely speculate and fail to contain specific facts to state a cognizable conspiracy claim. *See Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997) (holding that to state a sufficient claim, plaintiff must plead facts to show how the Defendants conspired and how the

3

conspiracy led to a deprivation of his constitutional rights). Therefore, Plaintiff fails to state a claim on which relief can be granted under 42 U.S. Code § 1985(3).

Section 1983, allows an individual to bring an action for the deprivation of civil rights, which provides in relevant part: "[e]very person, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …." 42 U.S.C § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, the Court is unable to infer a deprivation of federal right, nor a violation of state law. Plaintiff once again states a series of unfortunate events and circumstances that he has encountered. However, there is no reasoning or explanation as to how these circumstances can give rise to a cause of action or how any of the unfortunate circumstances are related to the named Defendants. Additionally, there have been no facts alleged indicating how either of the named Defendants acted under the color of California law. In fact, the alleged violations, pleaded by Plaintiff, are caused by neither of the Defendants listed in the complaint. Accordingly, Plaintiff fails to state a claim upon which relief can be granted under 42 U.S. Code § 1983.

**III.   Leave to Amend**

Dismissal of a complaint is appropriate where the complaint fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). However, courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ. Of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008). Although the Court has serious doubts in Plaintiff's ability to state a cognizable claim, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff must include a short and plain statement that entitles Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2). In

addition, Plaintiff must indicate what relief he is seeking from the Court. *See* Fed. R. Civ. P 8(a)(3).

## CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1. **DENIES** Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc No. 2];
2. *Sua sponte* **DISMISSES** this action without prejudice due to Plaintiff's failure to state a claim [Doc. No. 1]; and
3. Plaintiff may file a First Amended Complaint **on or before July 17, 2020**.

**IT IS SO ORDERED.**

DATED: May 14, 2020

_____
Hon. John A. Houston
United States District Judge