UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TALEFF,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARCIA LYNN SATTGAST TALEFF;<br>REDONDO BEACH UNIFIED SCHOOL<br>DISTRICT,<br><br>                                    Defendants. | Case No.:  19cv2066-JAH (DEB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

## INTRODUCTION

On July 17, 2020, Plaintiff Tony Taleff ("Plaintiff"), proceeding *pro se*, filed a First Amended Complaint ("FAC") along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. Nos. 5, 6. After a careful review of the motion and for the reasons set forth below, the Court (1) GRANTS Plaintiff's motion for leave to proceed IFP [Doc. No. 6]; and (2) *Sua sponte* DISMISSES Plaintiff's FAC [Doc. No. 5], without prejudice.

## DISCUSSION

I.  **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of his IFP motion, Plaintiff submitted an amended application to proceed in this Court without paying fees or costs. See Doc. No. 6. The application states Plaintiff is unemployed but receives $832.00 from retirement and an additional $434.00 from an unspecified source, for a total monthly income of $1,266.00. *Id.* at 1-2. Plaintiff reports $2,000.00 in assets and has $2,000.00 in his only bank account. Moreover, Plaintiff lists an average monthly expense of $1,265.00. Based upon the information presented by Plaintiff, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filling fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). Here, even though Plaintiff is entitled to proceed IFP, his complaint is subject to dismissal because Plaintiff fails to state a claim upon which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

**B. Analysis**

On May 14, 2020, the Court denied Plaintiff's IFP request and dismissed Plaintiff's original complaint for failure to state a claim. Although it was doubtful that Plaintiff would be able to cure the deficiencies in his claims by amendment, the Court provided Plaintiff with an opportunity to file a FAC. Plaintiff proceeded to file a FAC, however the FAC did not address or rectify any of the deficiencies of the original complaint. The allegations in the FAC are identical to the original complaint. As an initial matter, Plaintiff's FAC fails to contain a short, plain statement showing that he is entitled to relief under Federal Rule of Civil Procedure 8(a). Instead of identifying the alleged harm and the specific Defendants responsible for each harm, the FAC only contains a multitude of unfortunate events and circumstances that Plaintiff has encountered. *See, e.g., McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what."). Moreover, the allegations in the FAC fail to give adequate notice to the named Defendants of the claims against them, as required by Federal Rule of Civil Procedure 8(a). Plaintiff's FAC contains generalized allegation, the majority of which have no relation to the named Defendants. The Court is unable to infer a deprivation of a federal right or a violation of state law caused by the Defendants for Plaintiff to proceed with his 42 U.S. Code § 1983

claim. Accordingly, Plaintiff's FAC fails to state a claim upon which relief may be granted and must be dismissed under Section 1915(e)(2).

## III. Leave to Amend

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir. 1988). However, courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ. Of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008). Although the Court has serious doubts in Plaintiff's ability to state a cognizable claim, the Court will provide Plaintiff with a final opportunity to file an amended complaint. Plaintiff must include a short and plain statement that entitles Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2). In addition, Plaintiff must indicate what relief he is seeking from the Court. *See* Fed. R. Civ. P 8(a)(3).

## CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc No. 2];
2. *Sua sponte* **DISMISSES** this action without prejudice due to Plaintiff's failure to state a claim [Doc. No. 1]; and
3. Plaintiff may file a Second Amended Complaint **on or before November 23, 2020**.

**IT IS SO ORDERED.**

DATED: October 7, 2020

_____
Hon. John A. Houston
United States District Judge